UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Donna St. Hillaire,

        Plaintiff,

v.

Montefiore Medical Center,

        Defendant.

Case No:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Donna St. Hillaire, *pro se*, complaining of defendant Montefiore Medical Center, alleges as follows:

## INTRODUCTION

1. On October 30, 2021, plaintiff, Donna St. Hillaire was terminated by the defendant, Montefiore, for failure to comply with their COVID-19 vaccination policy. Plaintiff requested a religious accommodation for the COVID-19 vaccine and was denied. As per Montefiore Medical Center, Plaintiff's "submission did not provide a basis to grant a religious exemption to Montefiore's COVID-19 vaccination policy."

## THE PARTIES

2. Plaintiff Donna St. Hillaire is an individual domiciled in Mount Vernon, NY and is a citizen of New York.

3. Defendant Montefiore Medical Center is a hospital complex located in Bronx, New York.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises under Title VII of the Civil Rights Act of 1964 and the First Amendment of the United States Constitution.

5. Venue is proper in this Court because Donna St. Hillaire is domiciled and suffered injury in this district and all relevant events occurred in this district.

6. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission. ("EEOC"). A right to sue letter was issued on March 8, 2023. This action was properly instituted within ninety (90) days of the receipt of said letter.

## STATEMENT OF FACTS

1. Plaintiff was employed at Montefiore Medical Center on May 6, 2013, as a Registered Nurses and terminated on October 30, 2021.

2. Plaintiff identifies as an Apostolic Pentecostal Christian who holds the sincerely held belief that her body is the temple of God and life resides in the blood, according to scripture.

    - 1 Corinthians 6:19 (KJV) "What? Know ye not that your body is the temple of the holy Ghost, which is in you, which ye have of God, and ye are not your own?"

    - 1 Corinthians 3:16-17 "Know ye not that ye are the temple of God and that the spirit of God dwelleth in you?

    - Romans 12:1 "I beseech you therefore, brethren, by the mercies of God, the ye present your bodies a living sacrifice, holy, acceptable unto God, which is your reasonable service."

- Daniel 1:8 "But Daniel purposed in his heart that he would not defile himself with the portion of the king's meat, nor with the wine which he drank: therefore, he requested of the prince of the eunuchs that he might not defile himself."
- Philippians 4:6 NKJV "Be anxious for nothing, but in everything by prayer and supplication, with thanksgiving, let your request be made known to God."

3. The above practices are the principles the plaintiff have uphold as her sincere held religious belief wherein the plaintiff requested a reasonable accommodation from Montefiore Medical Center against the COVID-19 vaccination mandate so that the plaintiff's conscience can remain clear before God.

4. Prior to the plaintiff promotion in March of 2021, Plaintiff's direct supervisor was informed of Plaintiff's refusal to the influenza vaccine and the likelihood of not taking the COVID-19 vaccine.

5. On September 10, 2021, Plaintiff informed direct supervisor of her religious conviction and decision to refuse the COVID-19 vaccine.

6. On September 24, 2021 Plaintiff submitted a written request for religious accommodation /exemption utilizing Montefiore Medical Center-religious exemption from COVID-19 Vaccination. Plaintiff was informed weekly testing will need to be provided while request was under review.

7. On September 29, 2021, the defendant notified the Plaintiff that request was denied, and Plaintiff is placed off duty as of 5:00 PM, Thursday September 30, 2021, and would be placed on an unpaid leave until October 12, 2021, or if the plaintiff no longer wished to remain employed by the defendant the plaintiff could submit a resignation in writing.

8. On October 4, 2021, plaintiff requested from defendant the grounds for which request was denied and if there was an appeal process.

9. October 8, 2021, defendant informed plaintiff you are being afforded an opportunity to submit further information and/or documentation in support of your request for a religious exemption before October 15, 2021.

10. October 14, 2021, Plaintiff submitted and additional statement along with a clergy letter & legal memo.

11. October 22, 2021, defendant informed plaintiff that request for a religious exemption from Montefiore's COVID-19 vaccination requirements remains denied and will remain off duty & proof of vaccination is required on or before October 29, 2021, noncompliance will result in termination effective October 29, 2021.

12. November 5, 2021, defendant informed plaintiff "given your non-compliance with Montefiore's COVID-19 vaccination policy the plaintiff's employment is terminated effective October 30, 2021

13. It has been brought to the plaintiff awareness that Montefiore Medical Center did provide at least two religious accommodations to employees who were providing direct patient care as well as more than twenty medical accommodations as it pertains to the COVID-19 vaccination mandate.

14. The COVID-19 vaccine was not a condition for employment at the time of the Plaintiff hire with the defendant in 2013. Furthermore, when the Plaintiff was hired as a Patient Safety Manager on March 9, 2021, the plaintiff signed declination for the influenza vaccine based on the Plaintiff's religious belief was honored and in alignment with the defendant's policy. The Plaintiff endured distress and pressure to validate one's religious

4

belief, practices, and conviction, the Plaintiff provided personal scenarios where prayer, fasting and obeying the Holy Spirit was practiced to make life changing decisions with the defendent.AS per Exhibit K provided by the defendant to the EEOC, the plaintiff "exemption request is denied because it was not of a religious nature, and or failed to demonstrate your request was based upon a sincerely held religious belief, practice or observance."

15. The defendant failed to provide an individualized analysis of the plaintiff's request for a reasonable accommodation, as evident by their statement stating that the plaintiff's religion is Catholic.

16. Following termination from Montefiore Medical Center the plaintiff endured personal, educational, and financial hardship. In October of 2021, the plaintiff was in the final year of her master's degree in nursing, but this endeavor was halted. Along with termination the Plaintiff lost her tuition reimbursement & pre-approved clinical rotation and preceptorship was also terminated with Montefiore Medical center. However, the plaintiff was able to secure a clinical rotation and preceptor May of 2022 at the VA Hospital where a religious accommodation was provided.

17. The plaintiff remained unemployed from date of termination with Montefiore Medical Center until January of 2022 when the Plaintiff was hired by an agency (White Glove) as a Nurse Assessor completing virtual and in-person visits for the Department of Health by providing weekly COVID-19 testing making less than her bi-weekly earnings with Montefiore Medical Center.

18. The decrease in income required the plaintiff to withdraw from her 401 K to meet her financial expenses.

5

19. The Plaintiff endured emotional distress to justify her sincerely held religious belief and adjust to her loss of income.

## **CLAIM FOR RELIEF**

20. Plaintiff repeats and realleges the foregoing paragraphs 1 through 19.

21. Violation of Title VII of the Civil Rights Act of 1964: Title VII requires that employers accommodate religious beliefs that are "sincerely held," so long as the accommodation does not result in an "undue hardship." The defendant did provide religious and medical accommodations to other employees within Montefiore Medical Center who were in direct contact with other employees or provided direct patient care. Employees unfortunately did continue to test positive and expose others even with the COIVD-19 vaccination mandate. The plaintiff was willing to comply with weekly testing and the use of personal protective equipment as measures to remain employ and protect others while upholding her sincerely held religious conviction.

22. Violation of First Amendment Rights: The defendant's denial of a religious exemption infringes upon the plaintiff's right to freely practice their religion as protected by the First Amendment.

23. By reason of the foregoing, Donna St. Hillaire has been damaged in the amount of no less than $ 400,000 dollar and is entitled to recover the same from defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Donna St. Hillaire prays for judgment against defendants Montefiore Medical Center as follows:

(A) Awarding damages from defendants in the amount of no less than $400,000 dollar.

(B) Awarding plaintiff costs, expenses, and pre- and post-judgment interest.

(C) Granting such other and further relief as this Court may deem just and proper.

Plaintiff demands a trial by jury of all claims and issues herein.

Dated: June 06, 2023

By:
    Donna St. Hillaire, *pro se*
    12 Rockledge Ave
    Mt. Vernon, NY 10550

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/01/2023

**To:** Donna D. St. Hillaire
12 Rockledge Avenue PH
MOUNT VERNON, NY 10550
Charge No: 520-2022-00019

EEOC Representative and email:   MICHAEL WOO
Investigator
michael.woo@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
03/01/2023
Timothy Riera
Acting District Director

**Cc:**
Melissa Friedland
Littler Mendelson, P.C.
900 3RD AVE FL 8
New York, NY 10022

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 520-2022-00019 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

St. Hillaire v. Montefiore Medical Center EEOC Charge 520-2022-00019   Inbox

MICHAEL WOO   Mar 8
to Donna.st.hillaire@gmail.com

Good afternoon,

The subject letter is attached. The 90-day period begins upon receipt. Please respond to this email and acknowledge receipt.

Michael Woo
Investigator
U.S. Equal Employment Opportunity Commission
33 Whitehall Street
New York, New York 10004
Phone: 929-506-5348






St. Hillaire v. Montefiore Medical Center EEOC Charge 520-2022-00019    Inbox ×

MICHAEL WOO <MICHAEL.WOO@eeoc.gov>
to Donna.st.hillaire@gmail.com

Good afternoon,

The subject letter is attached. The 90-day period begins upon receipt. Please respond to this email and acknowledge receipt.

Michael Woo
Investigator
U.S. Equal Employment Opportunity Commission
33 Whitehall Street
New York, New York 10004
Phone: 929-506-5348

WARNING: The information contained in this e-mail and any attachments (including, but not limited to, any attached e-mails) may be legally privileged and confidential. If you are not the addressee(s), or an employee or agent of the addressee(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

3 Attachments • Scanned by Gmail

Mar 8, 2023, 11:13 AM

= M Gmail

Q  MICHAEL.WOO@eeoc.gov                                                          ×   ⋕

Compose

Mail  
Inbox  65,953

Chat  Starred  
Snoozed

Spaces  Important  
Sent

Meet  Drafts  164

Categories  
Social  2,971  
Updates  62,523  
Forums  1,700  
Promotions  115,815

More

Labels  
[Imap]/Sent  
Conversation History  
Unwanted

St. Hillaire v. Montefiore Medical Center EEOC Charge 520-2022-00019   Inbox ×



MICHAEL WOO <MICHAEL.WOO@eeoc.gov>  
to Donna.st.hillaire@gmail.com

Good afternoon,

The subject letter is attached. The 90-day period begins upon receipt. Please respond to this email and acknowledge receipt.

Michael Woo  
Investigator  
U.S. Equal Employment Opportunity Commission  
33 Whitehall Street  
New York, New York 10004  
Phone: 929-506-5348

WARNING: The information contained in this e-mail and any attachments (including, but not limited to, any attached e-mails) may be legally privileged and confidential hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and p or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

3 Attachments • Scanned by Gmail



