UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA ST. HILLAIRE,

                          Plaintiff,

-against-

MONTEFIORE MEDICAL CENTER,

                          Defendant.

**OPINION AND ORDER**

23-CV-4763 (PMH)

PHILIP M. HALPERN, United States District Judge:

Donna St. Hillaire ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action against Montefiore Medical Center ("Defendant") alleging that Defendant, her former employer, discriminated against her on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the First Amendment. (Doc. 1, "Compl.").

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on August 21, 2023. (Doc. 16; Doc. 17, "Def. Br."). Plaintiff opposed on September 20, 2023 (Doc. 19; Doc. 20), and the motion was fully briefed with the filing of Defendant's reply on October 3, 2023. (Doc. 21).

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff alleges that she is an Apostolic Pentecostal Christian. (Compl. ¶ 2). Plaintiff began working as a registered nurse at Defendant's hospital complex in Bronx County in May 2013. (*Id*. ¶ 1). On March 9, 2021, when Plaintiff was promoted to Patient Safety Manager, she signed a document indicating that she declined the influenza vaccine, based on her religious beliefs. (*Id*. ¶ 14). On September 10, 2021, Plaintiff notified her direct supervisor that she did not intend to be

vaccinated against COVID-19. (*Id*. ¶ 5). On September 24, 2021, Plaintiff submitted a request for a religious accommodation or exemption from vaccination against COVID-19 and was informed that, while her request was under review, she would need to undergo weekly testing. (*Id*. ¶ 6).

On September 29, 2021, Plaintiff was notified that as of the next day, she would be placed on unpaid leave status, which could continue until October 12, 2021. (*Id*. ¶ 7). On October 4, 2021, Plaintiff requested information about both the grounds for denial of her request and the appeal process. (*Id*. ¶ 8). Defendant responded on October 8, 2021, that Plaintiff had one week to submit further documentation supporting her request, and she submitted an additional statement, legal memorandum, and clergy letter. (*Id*. ¶¶ 9-10). On October 30, 2021, Montefiore terminated Plaintiff's employment. (*Id*. ¶ 12). Plaintiff has learned that Montefiore had provided more than 20 medical accommodations and at least two religious accommodations to other patient-facing employees. (*Id*. ¶ 13).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.

3

2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

I.  Title VII

Defendant contends that Plaintiff's Title VII claim fails as a matter of law because Title VII does not (1) entitle healthcare workers subject to the DOH Mandate to a religious exemption or (2) require employers to grant accommodations for religious beliefs where the accommodation would violate federal or state law. (Def. Br. at 11-14).

Title VII defines "religion" as including "all aspects of religious observance and practice, as well as belief," and imposes an obligation on an employer "to reasonably accommodate to an employee's . . . religious observance or practice" unless doing so would cause "undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Thus, "when an employee has a genuine religious practice that conflicts with a requirement of employment," the employer "must offer the aggrieved employee a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002).

4

A plaintiff, to state a *prima facie* case of religious discrimination under Title VII for failure to accommodate, must plausibly allege that she "actually requires an accommodation of . . . her religious practice and that the employer's desire to avoid the prospective accommodation was a motivating factor in an employment decision." *Lowman v. NVI LLC*, 821 F. App'x 29, 31 (2d Cir. 2020). Once a plaintiff has articulated a *prima facie* case, "the burden then shifts to the employer to show it could not accommodate the employee's religious beliefs without undue hardship." *Knight v. Ct. Dept. of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001).

Defendant explains that on August 26, 2021, the New York State Department of Health issued an emergency regulation mandating that hospitals and other healthcare entities continuously require all medically eligible "personnel" to be fully vaccinated against COVID-19 ("DOH Mandate").[2] N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61 (2021). "Personnel" was defined to include "members of the medical and nursing staff . . . who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id*. § 2.61(a)(2). The DOH Mandate allowed for a medical exemption where the vaccine would be detrimental to the employee's health, only until immunization was no longer detrimental, *id*. § 2.61(d), but did not mention religious exemptions.

The Second Circuit held, on November 4, 2021, that the DOH Mandate was lawful. *We the Patriots, Inc. v. Hochul (We The Patriots I)*, 17 F.4th 266, 274 (2d Cir.), *clarified*, 17 F.4th 368 (2d

---

[2] On a Rule 12(b)(6) motion, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, [as well as] documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken . . . ." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) (explaining that a court may consider "statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit"). The Court may take judicial notice of "the rule challenged, the related statute and its legislative history… and facts not subject to reasonable dispute." *Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 127, n. 1 (E.D.N.Y. 2022).

Cir. 2021), *cert. denied sub nom. Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022). The Circuit explained that while the DOH Mandate, "on its face, does not bar an employer from providing an employee with a reasonable accommodation that removes the individual from the scope of the Rule," it does bar religious exemptions. *Id*. at 292. Plaintiff does not allege that she ever requested an accommodation that would have removed her from the scope of the DOH Mandate. (*See generally,* Compl.). Plaintiff requested only a "religious accommodation/exemption" from the DOH Mandate. (*Id*. at ¶ 6). Employees are not entitled to a "blanket religious exemption allowing them to continue working at their current positions unvaccinated." *We the Patriots I*, 17 F.4th at 292. While "it may be possible under the [DOH Mandate] for an employer to accommodate – not exempt – employees with religious objections, by employing them in a manner that removes them from the [DOH Mandate]'s definition of 'personnel,'" *We The Patriots USA, Inc. v. Hochul (We The Patriots II)*, 17 F.4th 368, 370 (2d Cir. 2021), Plaintiff here did not seek such accommodations.

As a New York hospital system, Defendant is legally obligated to comply with the DOH Mandate and is subject to stringent penalties for non-compliance, including loss of its license. *See* N.Y. Pub. Health Law § 2806(1)(a) (2021) ("A hospital operating certificate may be revoked, suspended, limited or annulled . . . [if] the hospital has failed to comply with the provisions of [Article 28] or rules and regulations promulgated thereunder."). Defendant could not have accommodated Plaintiff's request because Plaintiff was a registered nurse (Compl. ¶ 1), and was a person covered by the DOH Mandate. Had Defendant granted Plaintiff's request for an exemption, it would have been in direct violation of New York State law, thus suffering an undue hardship.

Courts in this Circuit have regularly dismissed Title VII claims brought by similarly situated Plaintiffs who sought blanket religious exemptions. *See Algarin v. NYC Health + Hospitals Corp.*, No. 23-CV-08340, 2023 WL 4157164, at *8 (S.D.N.Y. June 23, 2023); *Dennison*

*v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 22-CV-02929, 2023 WL 3467143, at *6-7 (S.D.N.Y. May 15, 2023); *Corrales v. Montefiore Med. Ctr.*, No. 22-CV-03219, 2023 WL 2711415, at *7-8 (S.D.N.Y. Mar. 30, 2023); *Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491, 2022 WL 7059182, at *3-4 (S.D.N.Y. Oct. 12, 2022); *Marciano v. DeBlasio*, No. 21-CV-10752, 2022 WL 678779, at *9 (S.D.N.Y. Mar. 8, 2022); *Donohue v. Hochul*, No. 21-CV-08463, 2022 WL 673636, at *7, *9 (S.D.N.Y. Mar. 7, 2022).

Plaintiff also appears to press a disparate treatment theory of liability, alleging that at least two employees who provided direct patient care were granted religious accommodations. (Compl. ¶ 13). "A common and especially effective method of establishing a *prima facie* case of discrimination" is "showing that the employer treated a similarly situated employee differently." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53 (2d Cir. 2001). Plaintiff has failed, however, to allege any facts to show that she was treated differently because of her religion, which is fatal to her claim. *Grimes v. Fremont General Corp.*, 785 F. Supp. 2d 269, 296-297 (S.D.N.Y. 2011) (conclusory allegations of discrimination, unsupported by specific factual allegations are insufficient to state a claim under civil rights statutes). While, at the motion to dismiss stage, a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation," *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015), Plaintiff's conclusory allegation fails to meet that standard.

Accordingly, Plaintiff's Title VII claim is dismissed.

II.     First Amendment

Because Defendant is a private party—not a state actor—Plaintiff cannot bring a claim under 42 U.S.C. § 1983 against Defendant for violating her constitutional rights under the First Amendment. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United

7

States Constitution regulates only the Government, not private parties."); *Marte*, 2022 WL 7059182, at *5 (dismissing First Amendment Free Exercise claims, bought by Montefiore employee who was fired after refusing COVID-19 vaccine, on the ground that Montefiore "has been held in many cases to be a private actor, not a state actor"). Accordingly, Plaintiff's First Amendment claim is dismissed.

III.    <u>State and Local Claims</u>

Examining the complaint with the liberality required of *pro se* pleadings, the Court has construed the pleading as also asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. (*See* Doc. 4). Having dismissed Plaintiff's Title VII and First Amendment claims for relief—i.e., the only claims over which this Court has original jurisdiction—the Court declines to exercise jurisdiction over any outstanding state and local law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6 (2d Cir. 2017) ("Of course, a district court may decline to exercise supplemental jurisdiction over state and local law claims if it has dismissed all claims over which it has original jurisdiction."); *see also Offor v. Mercy Med. Ctr.*, No. 17-CV-01872, 2018 WL 2947971, at *7 (S.D.N.Y. May 31, 2018) ("A federal district court may decline to exercise supplemental jurisdiction over pendent state law claims when it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Eyeghe v. Thierry*, No. 14-CV-01914, 2014 WL 5242605, at *2 (S.D.N.Y. Oct. 15, 2014) (declining to exercise supplemental jurisdiction over state law claims after dismissing Title VII claim for failure to allege plausibly the requisite number of employees).

Any state law claims Plaintiff wishes to press are, accordingly, dismissed without prejudice to re-filing in the proper forum.

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is GRANTED. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). For the reasons described herein, Plaintiff's Title VII and First Amendment claims are dismissed with prejudice as any amendment would be futile. Plaintiff's state and local law claims, to the extent any have been alleged, are dismissed without prejudice to re-filing in the proper forum.

The Clerk of the Court is respectfully directed to terminate the motion (Doc. 16); to close this case; and to mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED:

Dated: White Plains, New York
       January 16, 2024

_____
Philip M. Halpern
United States District Judge